IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CECIL ANTONIO BRADFORD,<br><br>     Petitioner<br><br>  VS.<br><br>BRIAN OWENS, COMMISSIONER<br><br>     Respondent | NO.  3:09-CV-53 (CDL)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner Cecil Antonio Bradford has filed a petition herein seeking federal habeas corpus relief.  Tab #1.  Respondent Brian Owens has responded and filed a motion seeking to dismiss the petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Tab #12.  Petitioner Bradford has responded to the motion.  Tab  #17.

<u>LEGAL STANDARD</u>

The provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*
>
> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
>
> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

FACTUAL AND PROCEDURAL HISTORY

Petitioner Bradford pled guilty in Athens-Clarke County, Georgia on May 1, 1998, to malice murder and armed robbery. He was sentenced to two concurrent terms of life imprisonment. Petitioner Bradford did not seek any direct appeal.

On June 18, 2005, petitioner Bradford filed a *state* habeas corpus petition in the Superior Court of Charlton County, Georgia, challenging his Athens-Clarke County convictions. The state habeas corpus court denied relief on October 12, 2006. Thereafter, on March 23, 2009, petitioner Bradford submitted the instant federal petition. Respondent Owens responded to the petition and moved to dismiss the same as untimely under the AEDPA.

DISCUSSION

In his motion seeking dismissal, respondent Owens avers that petitioner Bradford's conviction became final on May 31, 1998, the date upon which the thirty (30) day period for filing a notice of appeal, pursuant to O.C.G.A. §§5-6-37 and 5-6-38, from his guilty plea expired. Respondent next notes that the petitioner had one year in which to file a federal petition or toll the applicable limitations period by filing a state collateral attack. According to the respondent, the petitioner waited until July 18, 2005 to file his state collateral attack. Consequently, at the time the petitioner filed his **state** habeas action, there was no time left to toll or in which to timely file a federal petition. As such, respondent Owens concludes that the instant petition is untimely and should therefore be dismissed with prejudice.

The undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The time elapsed between the petitioner's conviction becoming final and the filing of the petitioner's state habeas action totaled seven (7) years, eighteen (18) days. This amount of time clearly exceeds the one-year period of limitations. Thus, petitioner Bradford's subsequently filed federal habeas petition is untimely. Accordingly, the instant motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served with a copy thereof.  The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 20th day of October, 2009



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE